IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK J. POWELL, | No. 4:23-CV-01755 |
| Appellant, | (Chief Judge Brann) |
| v. | |
| PS BANK *aka* PEOPLES STATE BANK *aka* PEOPLES STATE BANK OF WYALUSING, *et al.*, | |
| Appellees. | |

## ORDER

### NOVEMBER 6, 2023

Currently pending before the Court is Mark J. Powell's emergency motion for a stay of the United States Bankruptcy Court for the Middle District of Pennsylvania's order lifting the automatic stay as to Peoples State Bank of Wyalusing.[1] To obtain such a stay, Powell must demonstrate "the following: substantial likelihood of success on the merits, irreparable harm to the movant, harm to the movant outweighs harm to the nonmovant, and injunctive relief would not violate public interest."[2]

Powell's motion fails at the first prong. Powell argues that he is likely to succeed on the merits of his appeal because United States Bankruptcy Judge Mark

---

[1] Doc. 3.
[2] *In re Wedgewood Realty Grp., Ltd.*, 878 F.2d 693, 701 (3d Cir. 1989).

J. Conway applied an incorrect standard—requiring clear and convincing evidence that Powell filed his bankruptcy petition in good faith rather than a preponderance of the evidence standard—and, under the correct standard, Powell adduced sufficient evidence of good faith in the filing of his bankruptcy petition.[3]

As an initial matter, even if the Court were to accept the argument that Judge Conway erred in applying the clear and convincing standard, as Powell had only one prior bankruptcy matter pending within one year of the underlying matter,[4] any such error was invited by Powell. "The doctrine of invited error refers to an error that a party cannot complain of on appeal because the party, through conduct, encouraged or prompted the trial court to make the erroneous ruling."[5] "That is to say, when a litigant takes an unequivocal position [below], he cannot on appeal assume a contrary position simply because the decision in retrospect was a tactical mistake, or perhaps a candid but regretted concession."[6] In the underlying proceedings, Judge Conway explicitly asked Powell's attorney—the same attorney representing Powell

---

[3] Doc. 3 at 8-11.
[4] Powell's brief states that there was "only one other petition pending within the year preceding her December 16, 2011 petition." Doc. 3 at 10. This assertion is puzzling and incorrect; not only does it refer to a "her," but Powell's bankruptcy petition was filed in June of 2023, not December of 2011. This erroneous information appears to be a sloppy scrivener's error that counsel should have caught before submitting this brief to the Court—the error likely resulted from copying and pasting information from a previous motion filed in a different case. Such an error is indefensible, and renders it difficult to interpret Powell's brief, or to have any confidence in the information contained therein.
[5] *Lesende v. Borrero*, 752 F.3d 324, 337 (3d Cir. 2014) (brackets and internal quotation marks omitted).
[6] *Id.* (brackets and internal quotation marks omitted).

on appeal before this Court—whether they were proceeding under 11 U.S.C. § 362(c); Powell's attorney agreed that they were, and stated that he understood he had "a high burden to meet" under the clear and convincing evidence standard.[7] Powell's attorney then argued at length regarding the clear and convincing standard, and asserted that the evidence met that standard.[8] As a consequence, Powell invited any purported error, and may not challenge on appeal the standard of proof required by Judge Conway.

And even further assuming that a preponderance of the evidence standard would apply, the Court cannot agree that Powell has demonstrated a "substantial likelihood of success on the merits."[9] Based on the reasoning and evidence cited by Bankruptcy Judge Conway in his decision,[10] there is a dearth of evidence to suggest that Powell's bankruptcy petition was filed in good faith, and he failed to sustain his burden of proof—even under a more lenient standard.

Accordingly, **IT IS HEREBY ORDERED** that Powell's emergency motion to stay (Doc. 3) is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[7] Doc. 3-4 at 6-7.
[8] *Id.* at 93-96.
[9] *In re Wedgewood Realty Grp., Ltd.*, 878 F.2d at 701.
[10] Doc. 3-4 at 99-104.